### Rehkamp, By, Etc. v. Martin, et al.

(Decided February 27, 1923.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Highways—Petition Held Insufficient Against Driver of Car Towing that Which Struck Plaintiff.—Where plaintiff was struck by an automobile which was being towed by another automobile, his petition, alleging that the owner of the automobile which struck him was at the wheel of his machine and in control thereof, shows that the owner of that automobile alone was negligent, so that it states no cause of action against the driver of the automobile which was doing the towing.

2. Pleading—Sustaining Motion to Make Petition for Negligence of Drivers of Two Cars More Definite Held Proper.—Where a petition for injuries was brought against the owner of the automobile which struck petitioner and also against the operator of another automobile which was towing the former, did not contain any allegations showing how plaintiff was injured except that he was struck by the car, and did not indicate the acts of negligence with which defendants were charged, it was a proper exercise of the trial court's sound discretion, on motion of defendants, to require plaintiff to make his petition more definite and certain.

3. Pleading—Action can be Dismissed for Plaintiff's Failure to Obey Order to Make Petition More Definite.—Where plaintiff was properly ordered to make his petition more definite and certain but

declined to do so, the trial court had the right and power, and it was its duty, to dismiss the action.

4. Pleading—Court's Power to Require Pleading to be Made More Definite is Not Arbitrary.—The power of the court under Civil Code of Practice, section 134, to require a pleading to be made more definite and certain, can be exercised only in furtherance of justice and is not arbitrary.

F. J. HANLON for appellants.

JOHN E. SHEPARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellee, Stanley Martin, who conducts an automobile business, was towing the disabled car of appellee Francis Bowen across the bridge over the Ohio river from Cincinnati towards Covington, when the disabled car in charge of its owner, appellee Francis Bowen, by some means struck and injured appellant Rehkamp, who brought this action in the Kenton circuit court against the two appellees, Martin and Bowen, to recover damages. His petition was both indefinite and insufficient as to appellee Martin and was indefinite and uncertain as to appellee Bowen though sufficient to support an action in tort. A general demurrer was filed to the petition by both appellees, Bowen and Martin, and they each filed a motion asking the court to require the plaintiff to make his petition more definite and certain. The general demurrers were overruled but both motions that the court require the plaintiff to make his petition more definite and certain were sustained and appellant given time and an opportunity to make his petition more definite and certain. To this order appellant objected and excepted. Appellant declined to amend his petition and to make it more definite and certain. Whereupon the court dismissed his petition and he appeals.

It is appellant's insistence that the petition, which alleged negligence in general terms, stated facts sufficient to constitute a cause of action against both appellees, and in as much as it stated a cause of action the court had no right to sustain the motion of appellees to make it more definite and certain and on appellant's failure to do so, dismiss his cause.

Appellant cites much authority to sustain the well known rule that under a general allegation of negligence

any negligence may be shown; and further a person injured by two negligent acts may rely upon either or both to sustain his action. L. & N. Ry. Co. v. Gaines. 152 Ky. 255; L. & N. Ry. Co. v. Mitchell, 162 Ky. 254. Both of these propositions are conceded by appellees. The substance of the averments of the petition is that appellee Martin was towing, by means of a rope attached to the rear axle of his machine, the disabled machine of appellee Francis Bowen over the bridge when the disabled machine struck and injured appellant. The precise averment is "that the defendant Francis Bowen was in his machine, which was being towed by the defendant Stanley Martin as aforesaid, and that said defendant Francis Bowen *was at the wheel of his machine and in control of said machine, steering same at said time and place.*" Construing the pleading strongest against the pleader, as is the rule, appellant was not injured through or by reason of any negligence on the part of appellant Martin, for his machine did not strike appellant, but appellant was struck by the disabled machine which appellee Francis Bowen owned and in which he was, as it is averred, at the wheel steering and controlling. If he were steering and controlling said machine at the time and place it struck appellant, then he alone was negligent if negligence there were. The general demurrer interposed by appellee Martin should have been sustained.

Reading the petition with reference to the accident it is impossible for one to tell how appellant came to be injured except that he was struck by the car. The appellees, Martin and Bowen, could not tell from the averments of the petition with what acts of negligence they were charged, and could not, therefore, intelligently prepare their defense. The trial court in the exercise of a sound discretion sustained the motion of appellees requiring appellant to make his petition more definite and certain. This appellant could have done to the advantage of the court in which the case was to be tried, the appellees and himself. He declined, however, to amend his pleading and to make it more definite and certain. In such situation the trial court had the right and power, and it was its duty to dismiss plaintiff's action.

In discussing the remedy for uncertainty of pleading Newman in his well known work on Pleading and Practice, says: "The adverse party may, nevertheless, in all such cases, by rule compel his adversary to make his pleading more definite and certain. The want of certainty

does not always subject a pleading to demurrer as it did formerly; but the defect is properly reached by rule under that provision of the Civil Code, section 134, which declares that where the allegations of the pleading are so indefinite and uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment.'' See also section 798, same work; Posey v. Green, 78 Ky. 162; Commonwealth v. C. & O. Ry. Co., 128 Ky. 749. Where a party declines to conform to the ruling of the court requiring him to make his pleading more definite and certain he is guilty of contempt, which may be punished by dismissal of his cause or defense. We so held in Howard v. Western Union Telegraph Co., 25 R. 828, saying: ''The question presented for our consideration is, did the lower court err in requiring appellant to make his petition more specific by setting out the hour of his son's death? If it did not err in so doing, the dismissal of the action was proper as appellant's refusal to comply with the order to make his petition more specific in the particular indicated, was an act of contempt.''

We think that part of section 134 of the Civil Code, saying: ''If the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment,'' is broad enough to bestow upon the trial court the right in cases like this to require the plaintiff to present his cause in such way as to give to the adversary party at least a fair and reasonable opportunity to present his defense even though the petition by general averments state a doubtful cause of action. Of course this can only be done in furtherance of justice and this power of the circuit court is not arbitrary but can only be exercised within a sound discretion.

For the reasons indicated the judgment dismissing plaintiff's cause on his failure to comply with the reasonable orders of the court to make his petition more definite and certain, is affirmed.

Judgment affirmed.