[Civ. No. 12952. Second Dist., Div. Two.—May 6, 1941.]

R. J. GRESHAM, Petitioner, v. THE SUPERIOR COURT
OF LOS ANGELES COUNTY et al., Respondents.

R. J. Gresham, *in pro. per.*, for Petitioner.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, William Ellis Lady and Webster Hazlehurst for Respondents.

McCOMB, J.—This is an original application for a writ of mandate to require respondents to set aside an order dismissing an action brought by petitioner as assignee of a judgment to have the same renewed. Respondent court has filed an answer. Respondent Judge Pierson M. Hall has filed a demurrer to the petition on the ground that it fails to state a cause of action as to him.

So far as material here, the essential facts are:

September 28, 1935, petitioner, a member of the State Bar of California, as attorney for plaintiff obtained a judgment

in favor of plaintiff in an action entitled *Daniel M. Kuter* v. *Ella M. Barnard.* Thereafter said plaintiff assigned to petitioner a one-third interest in said judgment. August 1, 1937, petitioner's resignation as an active member of the State Bar of California became effective. In September of 1940 Daniel M. Kuter filed an action for the renewal of said judgment. Subsequently Daniel M. Kuter assigned to petitioner the entire judgment which he had previously obtained and which he was endeavoring to have renewed. Petitioner thereafter had himself substituted as sole plaintiff in the last action in the place and stead of Daniel M. Kuter, which action was pending in a court of a justice of the peace. From the order substituting petitioner as plaintiff defendant appealed to the superior court. Respondent refused to permit petitioner to appear in the action in the superior court on the ground that he was prohibited from doing so by the provisions of section 6130 of the Business and Professions Code of the State of California, which reads as follows:

"No. 6130. APPEARING AS PLAINTIFF IN ASSIGNED CAUSE WHILE DISBARRED OR SUSPENDED. No person, who has been an attorney, shall while a judgment of disbarment or suspension is in force appear on his own behalf as plaintiff in the prosecution of any action where the subject of the action has been assigned to him subsequent to the entry of the judgment of disbarment or suspension and solely for purpose of collection."

This is the sole question necessary for us to determine:

*May a person who has been a member of the State Bar of California and resigned therefrom appear in the courts of this state in his own behalf as plaintiff in the prosecution of an action, the subject of which has been assigned to him subsequent to his resignation as an active member of the State Bar?*

This question must be answered in the affirmative. Section 6130 of the Business and Professions Code prohibits a disbarred or suspended attorney from prosecuting an action in his own behalf as plaintiff when the subject of such action has been assigned to him subsequent to his disbarment or suspension. It has no application to a former member of the State Bar who has resigned from the same. There is a vast difference between *disbarment, suspension,* and *resignation.* To disbar means to deprive of the privilege of practicing law.

To suspend means to withdraw temporarily the privilege of practicing law. It is to be noted that in both of the foregoing definitions the privilege of practicing law is taken away contrary to the desires and against the will of the attorney. To resign means to give up or surrender voluntarily the privilege of practicing law. This definition presupposes the voluntary act and volition of the attorney in relinquishing his privilege and does not connote any misconduct upon the part of the person resigning from the State Bar, it being presumed that he did so for reasons good and sufficient to him and not because of any misconduct on his part.

For the foregoing reasons it is obvious that petitioner should have been permitted to appear in his own behalf as the assignee of the claim sued upon and to prosecute the action in respondent court. Therefore, it is ordered that a writ of mandate issue as prayed against respondent court.

■ In an application for a writ of mandate directed to a court relative to a judicial act the judge of the court is not a proper party respondent (*Goble* v. *Appellate Dept. of Superior Court,* 130 Cal. App. 737, 738 [20 Pac. (2d) 345]; *Alexander* v. *Superior Court,* 91 Cal. App. 312, 316 [266 Pac. 993]). Therefore, the demurrer of the respondent judge is sustained.

Moore, P. J., and Wood, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 30, 1941.