**HUDDLESTON et al.**

v.

**HUDDLESTON et al.**

Court of Appeals of Kentucky.

March 12, 1954.

Hile Pritchard, John A. Sloan, Albany, and Bertram & Bertram, Monticello, for appellants.

Fritz Krueger, Somerset, Bruce Phillips and C. C. Duncan, Monticello, for appellees.

CAMMACK, Justice.

This case concerns a deed to three tracts of land, consisting of some 500 acres, executed by K. E. Huddleston, in 1936, to his son, Elam. K. E. Huddleston retained full control and use of the lands during his life. Within two years after his father's death Elam was to pay $15,000 to the estate. K. E. Huddleston died testate in October, 1952, at the age of 94. Several children and grandchildren survived him. Kay and El

Huddleston qualified as executors of their father's estate. In order to settle the estate they advertised all of the personal and real property to be sold on December 2d. The sale was had. On December 3d, Elam Huddleston lodged for record in the office of the Clerk of Clinton County the 1936 deed.

This litigation was initiated by the executors against Elam Huddleston and his sister, Roxie Perkins, to have quieted their title to two of the tracts of land covered by the 1936 deed. Elam set up his claim to the land by virtue of his deed. Roxie Perkins disclaimed any interest in the two tracts. It developed on the trial that a tract of land (presumably the third tract covered in the 1936 deed) had been conveyed to her by her father in 1951. The executors filed a reply admitting the execution of the deed in 1936. They asserted, however, that the deed had been orally rescinded and revoked by Elam and his father in 1938, and also that Elam was estopped from claiming title under the deed by virtue of his acts and conduct prior to the institution of this action.

The proof shows that bitter feelings had developed between Elam and some of his brothers and sisters prior and subsequent to his father's death. It was shown that K. E. Huddleston had exercised full control of the lands during his lifetime; he sold the timber; he conveyed several parcels of land from the tracts covered in the 1936 deed; and also, he had executed a deed to Roxie Perkins. One of the children testified that, at the instigation of her father, she saw Elam in Louisville in 1938 and told him that his father wanted the deed returned. After K. E. Huddleston died, Elam offered to lease the lands from the other heirs for a period of five years at a rental of $2,500 per year and then to pay them $40,000. He was present at the sale and bid on some of the property.

After the proof was completed, and after the case was submitted, the appellees offered for filing an amended reply stating that:

"* * * by inadvertence and oversight they admitted in the reply the execution and delivery of the deed re-

ferred to in the pleadings and proof as having been executed by the deceased K. E. Huddleston to the defendant, Elam Huddleston, when in truth and in fact plaintiffs intended to deny the execution and delivery thereof, now therefore in order to conform to the facts plaintiffs say that it is not true and they deny that the deceased, K. E. Huddleston executed and they deny that he delivered said deed to the defendant, Elam Huddleston, at the time or times mentioned in the pleadings and proof or at any other time. * * *"

Counsel for Elam objected to the filing of the amended reply. On the day judgment was entered setting aside the 1936 deed the court entered an order overruling the objection to the filing of the amended reply and ordered that it be filed and noted of record. This ruling was excepted to by counsel for Elam.

This is a bitterly contested case among some of the children of K. E. Huddleston. The trial progressed on the theory that the deed had been executed by K. E. Huddleston to Elam in 1936, but that by mutual oral agreement it had been rescinded and revoked and also that Elam, because of his conduct, was estopped to assert his title under the deed. As a general proposition, aside from a question of adverse possession, title to real property can be transferred only by a written instrument. Likewise, only in rare instances has one vested with title been estopped to assert his claim thereto, and only then when the rights of innocent parties have been affected adversely by the conduct of the titleholder.

The amended reply presented an entirely new issue; namely, Had there been an execution and delivery of the deed? That the deed was executed seems to be beyond dispute, but the question is, Was it executed and delivered with an intent to pass title? This issue would change materially the complexion of the case, and Elam should have been given an opportunity to meet that issue. It is true that, under section 134 of the Civil Code of Practice, a

court had broad discretion to permit the filing of amended pleadings, but it was always recognized that the amended pleadings be in the furtherance of justice and they were not allowed when they changed substantially the claim or defense without giving the opposing side an opportunity to respond. Rehkamp v. Martin, 198 Ky. 34, 247 S.W. 1115. The court erroneously permitted the filing of the amended reply without giving the opposing side an opportunity to meet the issue raised therein.

Judgment reversed, with directions to set it aside, and to permit the parties to take such additional proof as they may desire on the issue of whether the 1936 deed was executed and delivered with an intent to pass title.

DUNCAN, J., not sitting.