[Civ. No. 24417.   Second Dist., Div. Two.   Mar. 7, 1960.]

NANCY M. PETTIE, a Minor, etc., Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; ANITA ROYE ROERMAN, Real Party in Interest.

Faber L. Johnston and Faber L. Johnston, Jr., for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel and Edward A. Nugent, Deputy County Counsel, for Respondents.

Parker, Stanbury, Reese & McGee, as Amicus Curiae on behalf of Respondents.

No appearance for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioner is the plaintiff in a personal injury action pending in the respondent court

---

*Assigned by Chairman of Judicial Council.

brought against Anita Roye Roerman as defendant, the real party in interest herein, to recover damages allegedly suffered by petitioner as a result of the claimed negligent operation of an automobile by defendant.

The question presented by this original proceeding for a writ of mandate or other appropriate extraordinary writ is whether discovery of the limits of an insured defendant's liability insurance policy may be had in a personal injury action against the insured defendant upon interrogatories served and filed pursuant to sections 2030 and 2016, subdivision (b), Code of Civil Procedure.

Petitioner served written interrogatories upon the defendant asking whether defendant was covered by policy of automobile public liability insurance at the time of the accident; and, if so, the names and addresses of the insurers. By said interrogatories, defendant was further asked to state the liability limits of each said policy, and to state the total combined liability limits of all of said policies covering defendant at the time of the accident.

Defendant filed written answer to said interrogatories stating that she was covered at the time of the accident by a policy of automobile public liability insurance issued by National Union Insurance Company and giving the address of said insurer. However, defendant made no answer to the interrogatories seeking information as to the extent or limits of her insurance coverage; and, on the contrary, she filed written objections thereto on the grounds that matters relating to a defendant's liability insurance do not relate to the subject matter involved in the pending action, that the information sought is inadmissible in evidence and does not appear to be reasonably calculated to lead to the discovery of admissible evidence.

The respondent court sustained the defendant's objections to the interrogatories seeking information as to the policy limits of defendant's public liability insurance; and, upon the filing of the petition herein, we issued an alternative writ of mandate.

Preliminarily, it is noted that the petition seeks a writ of mandate directed individually to the judge of the respondent court in addition to a writ directed to the respondent court as such. ■■■ It is settled that the judge of the court is not a proper party respondent in such a proceeding; and accordingly the demurrer of the respondent judge filed herein is sustained. (*Gresham* v. *Superior Court*, 44 Cal.App.2d 664,

666 [112 P.2d 965]; 3 Witkin, California Procedure 2547, and cases there cited.)

■■■ The precise question presented herein has previously been fully considered in *Laddon* v. *Superior Court*, 167 Cal. App.2d 391 [334 P.2d 638]. In said case, writs of mandate or prohibition were sought to compel the trial court to set aside an order overruling the defendant's objections to certain written interrogatories asking defendant (a physician) whether he carried malpractice insurance, and, if so, to state the policy limits. The action pending below therein was one for injuries allegedly resulting from malpractice.

The petition for the writs was denied; and, in its well-considered opinion hereinafter further discussed, the reviewing court held in essence that, in California, plaintiff in a personal injury action has a "discoverable interest" in defendant's liability insurance which arises with the "very pendency" of the action against the assured; that, therefore, the existence and policy limits of defendant's liability insurance are relevant to the subject matter involved in the personal injury action, although not strictly within the issues raised by the pleadings; and that accordingly the existence and policy limits of defendant's liability insurance are discoverable by interrogatories served and filed pursuant to sections 2030 and 2016, subdivision (b) of Code of Civil Procedure.

No valid distinction between *Laddon* and the present case can be made on the ground that the former involved a malpractice suit and malpractice insurance, whereas the case at bar involves an automobile negligence action and automobile liability insurance. As is pointed out in *Laddon*, there is no essential difference between malpractice insurance and automobile negligence insurance with relation to the question of the discoverability of insurance policy limits, since both are within the provisions of Insurance Code, section 11580. (*Laddon* v. *Superior Court, supra,* at p. 394.)

Similarly no valid distinction between *Laddon* and the case at bar can be made on the ground that the writ sought therein was to set aside an order of the trial court overruling defendant's objections to the interrogatories, whereas the writ sought in the present case is to set aside an order of the respondent court sustaining defendant's objections to the interrogatories. ■■■ An order granting a discovery remedy, like the order of denial, is not directly appealable; and, since review on appeal from the final judgment is an inadequate remedy, mandate or other appropriate writ is necessary

and proper to insure a party's right to obtain discovery. (*Demaree* v. *Superior Court,* 10 Cal.2d 99 [73 P.2d 605]; *Brown* v. *Superior Court,* 34 Cal.2d 559 [212 P.2d 878]; Witkin, California Evidence 606, and cases there cited.)

The basic contention herein is that *Laddon* v. *Superior Court, supra,* is unsound; and we are asked to uphold the refusal of the respondent court to follow said decision. More particularly, it is contended that *Laddon* is unsound: (1) because it is essentially based on two decisions of our Supreme Court which are not in point nor controlling in the case at bar.; and (2) because section 2016, subdivision (b), Code of Civil Procedure, which is applicable to interrogatories served pursuant to section 2030, limits the right of discovery to matters which are "relevant to the subject matter involved in the pending action" or which appear "reasonably calculated to lead to the discovery of admissible evidence," and that the policy limits of defendant's liability insurance is not relevant to the subject matter of a personal injury action against the assured, nor appear reasonably calculated to lead to the discovery of admissible evidence.

It is true that *Laddon* v. *Superior Court, supra,* was based in large part on *Superior Ins. Co.* v. *Superior Court,* 37 Cal.2d 749 [235 P.2d 833] and *Demaree* v. *Superior Court, supra,* 10 Cal.2d 99. It is further true that Superior Insurance and Demaree were proceedings to perpetuate testimony, under former sections 2083-2090, Code of Civil Procedure, in expected actions which the applicants in said proceedings anticipated to bring later against the insurers; and that said cases were obviously not directly concerned with the meaning and effect of sections 2030 and 2016, subdivision (b), which were subsequently enacted as parts of our new discovery act of 1957.

Notwithstanding, *Superior Insurance* and *Demaree* cannot be summarily brushed aside and labelled as not in point nor controlling as is contended. The respondent court and amicus curiae overlook or minimize the fact that Superior Insurance is essentially based on holdings that, under Insurance Code, section 11580,[1] a contractual relation is created between the

---

[1]Insurance Code, section 11580, provides in part that a policy of liability insurance shall contain a provision ". . . against loss or damage resulting from liability for injury suffered by another . . ." and "a provision that whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy . . . to recover on the judgment."

insurer under an automobile liability policy and third persons who may be negligently injured by the insured; that the provisions of such a policy are not, therefore, a matter for the sole knowledge of the named assured to the exclusion of the injured person; and that *"the very pendency of an action by the injured person brought in good faith against the named insured person gives the former a discoverable interest in the policy."* (Italics ours.) (*Superior Ins. Co.* v. *Superior Court, supra,* at p. 754.)

The foregoing pronouncements in Superior Insurance are clearly and strikingly interpreted in *State* ex rel. *Allen* v. *Second Judicial District Court,* 69 Nev. 196 [245 P.2d 999]. There the Supreme Court of Nevada refused to issue writ of mandate to compel the trial court to make order requiring the insured and an insurance company officer to disclose the existence and policy limits of liability insurance in a proceeding for perpetuation of testimony under Nevada statutes substantially the same as former sections 2083-2090 of our Code of Civil Procedure. The court gave extended consideration to *Superior Ins. Co.* v. *Superior Court, supra*; and, while it conceded that the circumstances surrounding the desired perpetuation of testimony in that case were the same as in the case before it, it declined to follow Superior Insurance on the ground that Nevada had no insurance statute comparable to California Insurance Code, section 11580.

In said connection, the Nevada Supreme Court first stated that: "The California rule is based upon an insurance statute of that state" (Cal. Ins. Code, § 11580), and upon California cases holding that, under said statute, a contractual relation is created between the insurer and third parties who are negligently injured by the insured. It then pointed out that Nevada has no such insurance statute as California's; but merely a statute providing for a bond, or insurance policy in lieu of a bond, as security for any judgment for damages, which judgment must first be obtained before resort may be had to the security. The court then continued: "Security for the payment of a claim by the person responsible for the damage is a far different thing from an existent direct contractual obligation for such payment. It is true that in California that contractual obligation may not be enforced until judgment has first been secured against the person responsible. This, however, does not detract from the fact that at time of an accident an injured person has a right against the insurance

company identical with that against the responsible party, subject only to its establishment by judgment. The injured party, then, has an actual interest in the policy of insurance identical in scope with his cause of action against the responsible party. He is not a mere stranger to the policy, curious to ascertain the extent to which the responsible party may have protected himself beyond the security requirements of our law. This clear distinction (which is emphasized by the stress placed by the California Court upon its particular statutory provisions) renders the Superior Insurance Company case inapplicable.''

It is clear that inquiry as to existence and policy limits of liability insurance was primarily permitted under former sections 2083-2090, Code of Civil Procedure, upon the grounds that Insurance Code, section 11580, created a contractual relation between the insurer under a liability insurance policy and third persons who are negligently injured by the assured, and that plaintiff in a personal injury action has a discoverable interest in defendant's liability insurance which arises with the pendency of the action against the assured.

It is also clear from the opinion in *Laddon* v. *Superior Court, supra,* 167 Cal.App.2d 391, that the holding therein that the matter of liability policy limits is a matter which is relevant to the subject matter involved in a pending personal injury action against the assured under Code of Civil Procedure, section 2016, subdivision (b), is based primarily on the provisions of this same section of the Insurance Code.

Accordingly, it is unnecessary herein to review the various conflicting cases in other jurisdictions, since no statute comparable to our Insurance Code, section 11580, there exists.[2] It is sufficient to mention, except for certain matters hereinafter considered, that there is a divergence of opinion as to the discoverability of the existence and limits of liability insurance under statutes comparable to our sections 2016, subdivision (b) and 2030, and that the weight of authority is to the effect that liability insurance policy limits are not

[2]In fact, most of the leading decisions denying discovery in foreign states point out the absence of any statute in said states comparable to California Insurance Code, section 11580, and that it is not the law in said states that a contractual relation exists between the insurer and persons injured by the assured or that the injured person has a discoverable interest in the insurance policy arising with the pendency of the personal injury action against the assured. (*Brooks* v. *Owens* (Fla.), 97 So.2d 693, 697; *Jeppesen* v. *Swanson,* 243 Minn. 547 [68 N.W.2d 649, 654, 655]; *Peters* v. *Webb,* —— Okla. —— [316 P.2d 170, 174]; *Di Pietruntonio* v. *Superior Court,* 84 Ariz. 291 [327 P.2d 746, 750].)

discoverable in a personal injury action against the assured.[3]

It likewise appears that there is a divergence of opinion in other states having no statute comparable to California Insurance Code, section 11580, as to whether the matter of liability insurance policy limits is relevant to the subject matter involved in a pending personal injury action against the assured.　█　In view of the statutory and case law in California establishing that a contractual relation exists between the insurer and such a person as petitioner herein and that petitioner has a discoverable interest in the assured's liability insurance arising with the very pendency of his personal injury action against the assured, we are of opinion that, in this state, the matter of liability policy limits is clearly relevant to the *subject matter* involved in petitioner's pending personal injury action against the assured.

It is true that such matter is not within the issues determinable in the personal injury action, and that it does not appear that information in regard thereto is reasonably calculated to lead to the discovery of admissible evidence. However, "relevancy to the *subject matter*" rather than "relevancy to the *issues*" is the statutory test. (Code Civ. Proc., § 2016, subd. (b).)

█　Relevancy to the subject matter involved in the pending suit is a broader concept than relevancy to the issues. As is stated in *Kaiser-Frazer Corp.* v. *Otis & Co.* (S.D. New York), 11 F.R.D. 50, 53: " 'Relevant' as used in Section 26(b) of the Federal Rules of Civil Procedure [which section is substantially the same as § 2016(b), Cal. Code Civ. Proc.] . . . is not to be equated with 'relevant' as ordinarily used in determining admissibility of evidence upon a trial. . . . Thus it is relevancy to the subject matter which is the test and subject matter is broader than the precise issues presented by the pleadings."[4]

It further appears from an examination of cases denying

[3]The leading cases allowing and denying discovery are cited in *Laddon* v. *Superior Court, supra,* 167 Cal.App.2d 391, 393.

[4]*Cf. People* ex rel. *Terry* v. *Fisher,* 12 Ill.2d 231 [145 N.E.2d 588, 592]. The discovery act of Illinois provided that discovery could be had regarding any matter "relating to the merits of the matter in litigation." It was held that, to construe the language "relating to the merits of the matter in litigation" to refer only to isolated legal concepts such as negligence, proximate cause and damages, divorced from the realities of litigation (e.g., the existence and limits of liability insurance), would not be using the procedure for discovery with an understanding of its purpose.

similar discovery that the courts in some instances have unjustifiably construed the words "relevant to the *subject matter* involved in the pending action" as meaning "relevant to the *issues* determinable in the pending action"; and that they have placed excessive reliance on the second sentence of section 2016, subdivision (b), California Code of Civil Procedure (or similar sentence in statutes or rules of other states) providing that: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence."[5]

Respondent court and amicus curiae argue that discovery is limited to matters which relate to the question in dispute as measured by the proper issuable facts as made by the pleadings, or which relate to the collateral facts directly connected with the question in dispute if the testimony thus sought appears to be reasonably calculated to lead to the discovery of admissible evidence.

Such a limiting and restrictive construction of the words "relevant to the subject matter involved in the pending action" is not warranted. If the legislative intent had been to specify that discovery was to be limited to matters relevant to the issues determinable in the pending action, and as to matters reasonably calculated to lead to the discovery of admissible evidence, the Legislature could have so stated. However, the statute (Code Civ. Proc., § 2016, subdivision (b)) expressly provides that discovery may be had as to *any matter* which is relevant to the *subject matter* involved in the pending action, with added proviso that inadmissibility at trial is not ground for objection if the information sought appears to be reasonably calculated to lead to the discovery of admissible evidence.

Finally, we are not persuaded that there is any substantial reason for not allowing such discovery to be had in the pending personal injury action against the assured. ▓▓▓ It being the established public policy in California that the provisions of a liability insurance policy are not a matter for the sole knowledge of the named assured and the insurance carrier to the exclusion of the injured person, it may well follow that

---

[5]In *Brooks* v. *Owens, supra* (Fla.), 97 So.2d 693, 699, it is stated, in construing a rule substantially identical to section 2016, subdivision (b): "It is our view that the rule is applicable only to those matters *admissible in evidence* or calculated reasonably to lead to the *discovery of admissible evidence.*" (Emphasis ours.)

the revelation of the liability limits of such insurance policy will tend to promote the efficacious disposition of negligence litigation by settlement or by trial.

The primary purpose of pretrial discovery proceedings is to further the efficient, economical disposition of cases according to right and justice on the merits. The amendatory discovery act is to be liberally construed. (*Grover* v. *Superior Court,* 161 Cal.App.2d 644, 648 [327 P.2d 212].)

As said in *Hamilton* v. *Oakland School Dist.,* 219 Cal. 322, 329 [26 P.2d 296] : ''It must be remembered that it is the policy of the law to discourage litigation and to favor compromises of doubtful rights and controversies, made either in or out of court.''

We are in accord with the Supreme Court of Illinois as reflected by *People* ex rel. *Terry* v. *Fisher, supra,* 12 Ill.2d 231 [145 N.E.2d 588, 592, 593], wherein the court said: ''Thus, under our statutes, as in California, liability insurance is not merely a private matter for the sole knowledge of the carrier and the insured, but is also for the benefit of persons injured by the negligent operation of insured's motor vehicle. *Superior Ins. Co.* v. *Superior Court,* 37 Cal.2d 749 [235 P.2d 833]. Therefore, we find more cogent the reasoning of the courts in the Brackett and Maddox cases, cited by respondent, that such statutory requirements render insurance policies relevant to the litigation against the insured defendant, in that they apprise injured plaintiffs of rights in the matter of litigation of which they might not otherwise avail themselves. It is not inconceivable that a plaintiff with serious injuries would settle a substantial judgment against a defendant of modest means for a fractional sum, simply because he had no knowledge of any additional rights against the insurer. Thus, to deprive an injured party from learning of his rights against an insurer would, in effect, nullify the benevolent purpose of such statutes, and permit insurance companies to avoid their statutory obligation.

''Unlike other assets, a liability insurance policy exists for the single purpose of satisfying the liability that it covers. It has no other function and no other value. Litigation is a practical business. The litigant sues to recover money and is not interested in a paper judgment that cannot be collected. The presence or absence of liability insurance is frequently the controlling factor in determining the manner in which a case is prepared for trial. That there will be actual rather than nominal recovery conditions every aspect of preparation for

the trial of these cases—investigators, doctors, photographers and even the taking of depositions. Ordinarily a plaintiff has many sources of inquiry by means of which he can appraise the likelihood that the judgment he seeks will be enforceable. In the case of an insurance policy, however, all the customary channels are cut off. Even if·he knows the identity of the insurance company and may know its financial standing, it does not help him, for the company is responsible only within the limits of the policy it has issued.

''In determining whether liability insurance is discoverable by pretrial interrogatories, we must also take cognizance of the role of insurance companies in such litigation against their insured, for as Justice Holmes noted, 'Judges need not be more naive than other men.' Inasmuch as the insurance company is virtually substituted as a party (*Maddox* v. *Grauman,* Ky., 265 S.W.2d 939 [41 A.L.R.2d 964] ; dissent in *Jeppesen* v. *Swanson,* 243 Minn. 547 [68 N.W.2d 649, 658]), as far as the investigation and conduct of the defense is concerned, it would seem to be relevant, if not indispensable, that plaintiff's attorney have knowledge of the existence of insurance in order to prepare for the case he has to meet and be apprised of his real adversary. Such knowledge, furthermore, would also lead to more purposeful discussions of settlement, and thereby effectuate the dispatch of court business. This aspect is most significant in terms of effective judicial administration in coping with today's congested dockets which are largely attributable to the increasing volume of personal injury litigation.''

That knowledge of the policy limits will provide plaintiff in a personal injury action any undue or oppressive advantage in negotiations for settlement is answered by Mr. Justice Schauer in *Superior Ins. Co.* v. *Superior Court, supra,* page 755 : ''How knowledge by the plaintiff in that action of facts which are known to defendants therein, concerning the policy or policies in which plaintiff will have an enforceable interest if she recovers, could give her an 'undue and oppressive advantage' in negotiations for a settlement does not appear. And whether such knowledge by plaintiff would tend to benefit plaintiff or defendants might depend to a material extent upon the relationship between the seriousness of the injuries which resulted from the accident and the amount of insurance coverage provided by the policy; conceivably, knowledge of low policy limits might constitute a benefit to defendants by tending to discourage a seriously injured plaintiff from hold-

ing out for a settlement commensurate with the extent of the injuries.''

▮▮▮ It is, therefore, ordered that a peremptory writ of mandate issue directed to the respondent court commanding it to set aside its order sustaining defendant's objections to interrogatories Numbers 6 and 7, and to issue order overruling defendant's objections to said interrogatories. The demurrer of the respondent judge is sustained.

Fox, P. J., and Herndon, J., concurred.

The petition of respondent Superior Court for a hearing by the Supreme Court was denied May 4, 1960.