2L 307
12L 40
14L 140

## LOUIS DUSH v. DELIA FITZHUGH.

1. CONTRIBUTORY NEGLIGENCE. On the question of contributory negli-
gence, the doctrine that any negligence whatever that remotely con-
tributed to the accident or injury will preclude a recovery, is not
sustainable on principle. The sounder inquiry is, whose conduct or
neglect more immediately produced the injury done? If the act or
neglect of defendant, then he should be held responsible. If the in-
jury was caused by the conduct, or was the immediate result of the
conduct of the plaintiff, to which the wrong of the defendant did not
contribute as an immediate cause, then plaintiff should not recover.
If defendant was guilty of a wrong by which plaintiff is injured, and
plaintiff also in some degree was negligent, or contributed to the in-
jury, it should go in mitigation of damages, but cannot excuse or jus-
tify the wrong of the defendant.

2. DAMAGES. Compensatory. Punitive. Ability to pay. In estimating
compensatory damages, the ability of the defendant to pay cannot be
considered, but otherwise in vindictive or punitive damages.

---

FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby
County. C. W. HEISKELL, J.

CLAPP & MEUX for Dush.

E. M. HEARN for Fitzhugh.

FREEMAN, J., delivered the opinion of the court.

This suit is brought by Delia Fitzhugh, a colored
woman, to recover damages for an injury sustained by
falling through an open hatchway in defendant's store
in the city of Memphis. The case was tried by the
circuit judge without a jury. He has given us his

views of the law and finding of the facts in the opinion accompanying his judgment in favor of the plaintiff. This we are called on to review, together with his subsequent action on motion for a new trial.

On the facts of the case, we assume the finding of his Honor to be correct, and to have the same weight as the verdict of a jury in such cases. We see nothing in the finding of facts by his Honor from which we feel inclined to dissent. These facts are, substantially, that defendant was a merchant in Memphis. Plaintiff went into the store with her mother, the mother desiring to purchase a stove. She was examining the stoves, the daughter behind her — probably some distance. The hatchway in the floor of the store near the pathway of the parties was open, having been so left by the porter, who had gone to his dinner. A clerk who was showing the mother his wares, had warned plaintiff of the existence of the open hatchway, but his Honor finds she did not hear him. She must therefore be treated as a party in the store on business, with no knowledge of the existence of the hatchway. In passing down the store, probably looking at the stoves, she fell in the hatchway, and was no doubt considerably injured, by concussion of the spinal column.

Much, if not the whole of the defense goes on the idea of contributory negligence. The question of contributory negligence, as it is termed in our books and cases, is one very difficult to define, and the rules in any aspect of the contradictory views taken of it more difficult to apply. That

taken by the New York cases, that any negligence whatever that remotely contributed to the accident or injury will preclude a recovery, we do not think sustainable on principle. We think the sounder inquiry is, whose conduct or neglect more immediately produced the wrong or injury done? If the act or neglect of the defendant, then for that conduct or neglect he should be held responsible. If the injury was caused by the conduct, or was the immediate result of the conduct of the plaintiff, to which the wrong of the defendant did not contribute as an immediate cause, then plaintiff should not recover, but should bear the results of his or her own conduct or neglect. If defendant was guilty of a wrong by which plaintiff is injured, and plaintiff also in some degree was negligent or contributed to the injury, it should go in mitigation of the damages, but cannot excuse or justify the wrong of the defendant.

Such is the result of our cases. The principle is, the mere fact that one person is in the wrong does not necessarily discharge another from the observance of proper care toward him, or the duty of so exercising his own rights as not to do him an unnecessary injury. In the case before us, if the plaintiff had notice of the existence of the hatchway, then it was her duty to have exercised such caution as to avoid it. But with no notice of its existence, she could be chargeable with no neglect in not actively avoiding that which to her had no existence. Then defendant would be responsible if the open hatchway was dangerous to a person in the store on the implied invi-

tation held out by an open establishment for trade, having no notice of its existence.

We think these principles the sound rules to be deduced from the reasoning of the best considered cases on this question. See *Kennebacker* v. *C. C. & C. R. R. Co.*, 3 Ohio State R., 173. His Honor the circuit judge took substantially the view of the latter part of the above statement, and we think his ruling as to the law was unobjectionable, assuming that the judge in such cases takes the place of and performs the functions of the jury. The amount of damages in such a case would be within his sound discretion, and if we see no evidence of rashness, prejudice or passion .in the case, then on long established principles his finding on this question must stand. We certainly do not see any reason to reverse his judgment for the amount of damages given by him, to-wit, fifteen hundred dollars. His Honor himself says in this sum he has been less liberal than the proof warranted in his judgment. On this subject it is probable his Honor has erred against the plaintiff in assuming as an element to be considered in fixing compensatory damages, the ability of defendant to pay what might be awarded. We held at last term of this court at this place, after review of the authorities, that so far as the damages were compensatory, the ability of the defendant to pay could not be considered; that the wrong and injury was the same to the plaintiff whether he could pay or not, and this compensation was his right. But as to vindictive or punitive damages, for protection of society from like acts, his ability was to

Dush *v.* Fitzhugh.

be considered, it being improper and unjust to oppress even a wrongdoer beyond his means of paying without serious detriment, for the benefit of the community.

It is insisted his Honor erred, however, in his action on the motion for a new trial. It suffices to say, that the alleged surprise by the testimony furnishes no ground for a new trial. The testimony which is assumed to have been a surprise, as to the continued effect of the injury, and the extent of incapacity for labor in the future, as well as what she was able to do before her injury, were the legitimate subjects of inquiry involved in the original investigation, and the defendant was fairly notified to meet it by the nature of the suit. The new evidence of the party in the store at the time, was but cumulative, and besides could with moderate diligence have been readily had on the first trial. The fact that his Honor reduced the amount of damages to one thousand dollars, based on the affidavits before him on the new trial, was only error as against the plaintiff. Defendant cannot complain of it. Plaintiff has not done so, and it must stand.

Affirm the judgment.