Nashville Street Railway *v.* O'Bryan.

.Nashville Street Railway *v.* O'Bryan.

(*Nashville.* January 27, 1900.)

1. DAMAGES. *Charge as to vindictive, proper, when.*

It is not error for the Court to give the usual charge as to vindictive damages, in a case where the plaintiff was struck and injured, without his fault, by the car of a street railway company, which had left the track while being run at a high rate of speed over a switch at a place unusually full of danger and peril. (*Post, pp. 30, 31.*)

2. SAME. · Verdict *not excessive, when.*

A verdict for $500 is not excessive in a case where plaintiff's vehicle was struck by defendant's street car, derailed by reckless running over a switch at a dangerous crossing, and the plaintiff thereby dashed beneath the feet of the frightened horses, and "bruised, cut, shocked, and badly frightened." (*Post, pp. 29–32.*)

3. SAME. *Evidence of defendant's wealth admissible, when.*

In a case where the facts justify the allowance of punitive damages, it is competent to prove the wealth of the defendant. (*Post, p. 31.*)

Case cited and approved: Cumb. Tel. Co. *v.* Poston, 94 Tenn., 698.

4. CHARGE OF COURT. *Special request.*

The failure to give a special request cannot be assigned as error when it does not appear from the record that any such request was presented, otherwise than by a statement in the motion for new trial. (*Post, p. 32.*)

---

FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson County. J. W. BONNER, J.

Nashville Street Railway *v.* O'Bryan.

R. F. JACKSON for Street Railway.

J. C. McREYNOLDS and W. G. HUTCHESON for O'Bryan.

WILKES, J.  This is an action for damages for personal injuries resulting from a collision between the street cars and the vehicle in which plaintiff and a companion were riding.

The collision occurred at or near the corner of Cherry and Cedar streets, in the city of Nashville, and in the night time. A bright light was burning which lit up all the surroundings.

As plaintiff and his companion approached Cedar street, going north on Cherry, they noticed coming toward them very rapidly, a large, open street car, labeled "South Cherry Street," which was an indication of its proposed route. At the point of collision there was a curve, and switch to turn passing cars into Cedar street when desired. The plaintiff and his vehicle was proceeding along the street at this point, when the car was suddenly and violently turned out of Cherry street on to the curve leading into Cedar. It came in collision with the vehicle with much violence, and threw it against a post in the margin of the sidewalk, breaking the vehicle, and throwing the occupants out over the dashboard, where they fell beneath the horses, which were frightened and plunging, trying to free themselves from the vehicle.

The plaintiff was bruised, cut, shocked, and

badly frightened, according to his statement, though there is some conflict in the evidence as to the actual extent of his injuries.

It appears that the car, at this point, left the proper track and route, and turned into Cedar street when it should have continued on Cherry, and if it had gone its proper route the accident would not have happened. There is a conflict of evidence as to what was the condition of the switch, but the testimony is very clear that the car was being run at a high rate of speed, and the place of the accident was one unusually full of danger and peril.

It is insisted for the company that the accident was one which could not be avoided, and was not due to carelessness or recklessness, while for plaintiff it is insisted the car was being run at a high rate of speed, and recklessly. There was a verdict and judgment for $500, and the railway appealed, and assigned errors. There is no such statement of facts as the rule requires to make the assignment good, but we have considered the case upon its merits nevertheless.

The first assignment of errors is, that the Court, in substance, told the jury that they might give punitive damages if they found the conduct of defendant, its servants or agents, was marked by such wantonness or recklessness as to indicate a willful disregard of plaintiff's rights. It is said this was error, because it was not a proper case

for vindictive damages. We think this contention cannot be maintained under the facts as we have detailed them.

It is said the Court repeated this charge so as to unduly impress it on the jury. This, we think, is only partly correct, the alleged repetition being simply that the Court instructed the jury that they might find such punitive damages also in case of gross negligence; that feature having been omitted in the original charge.

It is next insisted that it was error to allow testimony to show the wealth and assets of the defendant company. This was allowable on the theory of punitive damages. *Cum. Tel. Co.* v. *Poston,* 10 Pick., 698.

The fourth assignment is to the charge of the Court as to the location, construction, and maintenance of the switch. It is said it was error to charge on this feature, because there was no allegation or evidence that the switch was improperly located or constructed or maintained.

The declaration charges that the accident was occasioned by the gross negligence and carelessness of the company. The defendant company attempted to excuse itself on the testimony of the motorman, that the switch was in perfect condition, and properly placed, and that the running off the proper track was an unavoidable accident.

This made it altogether proper that the Court should charge upon this theory of the case. But

no hurt could come to the defendant if this was erroneous, as all the testimony upon this feature of the case showed the switch to be in perfect condition, and was all made by defendant's witnesses.

The next error assigned is for failing to charge a special request. It does not appear from the record that there was such a request, except a mere statement in the motion for a new trial that such request was made.

It is said the verdict and judgment is excessive. There is evidence of recklessness and gross negligence which would justify punitive damages, and this being so, we cannot say the judgment is excessive.

We think there is no error under the facts in the record, and the judgment is affirmed, with costs.