## BRACKETT v. WOODALL FOOD PRODUCTS, Inc., and six other cases.
### Civ. No. 1721–1727.

United States District Court
E. D. Tennessee, S. D.

Aug. 30, 1951.

Frazier, Roberts & Weill, Chattanooga, Tenn., Gleason & Painter, Rossville, Ga., for plaintiffs.

Goins & Gammon, Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

Plaintiffs move for disposal of the defendant's objections to their Interrogatories 14, 15, 16 and 17.

■ The objection to Interrogatory 14 is disallowed, and the defendant will answer as to its financial condition, this being a pertinent inquiry where, as here, punitive damages are sought. Dush v. Fitzhugh, 70 Tenn. 307; Cumberland Telegraph & Telephone Co. v. Poston, 94 Tenn. 696, 30 S.W. 1040; Nashville Street Railway Co. v. O'Bryan, 104 Tenn. 28, 55 S.W. 300.

Without further discussion on the right to inquire as to damages by discovery methods, sufficient to say that defendant has expressed willingness to answer this interrogatory.

Plaintiffs' Interrogatories 15, 16 and 17 call for information concerning the liability insurance carried by the defendant. The plaintiffs, in a separate motion, seek an order for the production of the defendant's liability insurance policy for their inspection with the privilege of copying or photographing the same. This latter motion, based on Rule 34 of Federal Rules of Civil Procedure, 28 U.S.C.A., is in its effect broader than the interrogatories in question, to which objection has been made; and the Court's action on said motion will render unnecessary any action on the objections to the interrogatories.

As to the production of the policy for inspection, the defendant insists that, while it is willing to disclose to the plaintiffs the terms and conditions of the policy, it would be highly prejudicial to require the disclosure of the policy dollar limits. It further insists that such limits are not material to the plaintiffs in the preparation and trial of the cases, and would be incompetent and prejudicial evidence to be considered by the jury.

One contention of the plaintiffs is that the inquiry into the policy limits is justified on the same grounds that permit an inquiry into a defendant's financial status where punitive damages are sought. This would, on that basis, mean that a policy of liability insurance was an asset in the defendant's financial statement. While, of course, such an insurance policy ordinarily inures to the benefit of persons injured by the wrongful acts of the insured, and in many cases and jurisdictions such insurance is required by law for that purpose, nevertheless such insurance is ordinarily considered to be for protection of the insured, and is in the nature of a reimbursement for a loss.

██ . The Court is of the opinion that a liability insurance policy is not an asset of an insured's estate, but is purchase protection for both compensatory and punitive damages and, therefore, not a proper inquiry as to the defendant's financial condition. If an insured were to be penalized from his own estate, then compensatory damages would always have to be the policy limits. Such a view would be contrary to obtaining righteous verdicts in all cases.

The Court is of the opinion, however, that the plaintiffs should have an opportunity to examine the liability insurance policy of their alleged tort-feasor on the broad viewpoint that it is relevant to the subject matter of the litigation, and within the purview of Rules 34 and 26(b) of Federal Rules of Civil Procedure. Such was held to be proper in Orgel v. McCurdy, D.C.S.D.N.Y. 1948, 8 F.R.D. 585, S.D.N.Y. 1948.

It is to be noted that the modern trend of legislation, both national and state, is in the direction of requiring owners and operators of motor vehicles not only to maintain liability insurance, but also to establish minimum requirements for limits of liability. Such legislation has obviously been considered desirable to protect persons and property from the wrongful operations of motor vehicles. The tremendous increase in the number of such vehicles in use, the trend for fast driving and the irresponsibility of many operators, has enormously increased the number of highway motor accidents. Such conditions have occasioned a greater stringency in regulation and in protective measures for the benefit of the public. .

The Federal Motor Carrier Act and the regulations of I.C.C. thereunder, require liability insurance or similar protection in specified minimum limits. Title 49 U.S.C.A. § 315. The Tennessee Motor Carriers Act has similar or analogous requirements. Williams Code, sec. 5501.9.

The latest legislation in Tennessee, Ch. 206, Acts 1951, Williams' Code of Tennessee, sec. 2715.49 to sec. 2715.68, requires owners or operators of motor vehicles under certain circumstances to "show financial responsibility", which terms are defined therein as requiring specified minimum limits of liability in insurance policies or in bonds.

From the tenor and purpose of such legislation it is obvious that such insurance policies are definitely relevant to the subject matter of pending actions growing out of accidents covered by such policies, especially in view of the fact that this legislation apparently would require the defendant to disclose to the state authority the information concerning the insurance which plaintiffs seek, and this would be a matter of public record.

In Moore's Federal Practice, Second Edition, Vol. 4, page 1067, it is said: "The rules contemplate that ordinarily the deponent shall answer all questions except those to which he objects on the ground of privilege, and that all other objections shall be saved until the actual trial".

Authorities are numerous to the effect that it is not necessary that the documents sought will be competent evidence on the trial of the case.

The Court finds that it is material to the plaintiffs, in the preparation of their cases for trial, that they be given an opportunity to inspect and, if desired, to copy or photograph the liability insurance policy as the policy provisions may afford the plaintiffs rights of which they would otherwise not be able to avail themselves.

The Court does not at this time, however, decide that such policy of insurance or any portion thereof, or the existence of any such policy, may be referred to or introduced in evidence for any purpose on the trial of the case, and the Court takes the same view as to the defendant's financial worth.

An order may accordingly be entered requiring the defendant to produce and permit the inspection and copying, or photographing by the plaintiffs of any policy or policies of liability insurance in force and which insured defendant's operation, use and maintenance of the tractor-truck involved in the accident, which is the basis of plaintiffs' suits.

The compliance with the directives herein made will suffice to answer Interrogatories 15, 16 and 17.

Judgment in full accord with the entire memorandum will be submitted.