Samuel J. COOPER, III, b/n/f Maxwell Sexton.

v.

Dale Ervin STENDER.

Civ. A. No. 4231.

United States District Court
E. D. Tennessee, N. D.
April 25, 1962.

Maxwell Sexton, Oneida, Tenn., Howard Baker, Jr., Knoxville, Tenn., for plaintiff.

Clyde W. Key, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

This case is before the Court on plaintiff's motion to require defendant to state the limitations of his liability insurance policy covering the automobile that he was driving at the time of the accident. The question was propounded to the defendant during his pre-trial examination on March 3, 1962, at which time his counsel advised him not to answer.

After the deposition was given, a pre-trial was held and the following issues formulated in the pre-trial order.

"1. Was the defendant, Dale Ervin Stender, guilty of negligence which proximately caused the accident and resulting death of Mrs. Dee Tee Cecil Cooper, and the damages to her automobile?

"2. In the event plaintiff is entitled to recover, in what amount?"

Under the applicable decisions of the appellant courts of Tennessee, the question of insurance cannot be mentioned in front of the jury in a case of this character, and if insurance is mentioned, under certain circumstances, such may be the basis for the declaration of a mistrial, or the granting of a new trial.

The question for decision is whether the answer sought is "relevant to the subject matter", within the scope of Rule 26(b), Federal Rules of Civil Procedure, 28 U.S.C.A. This question has been before the Courts under varied circumstances. It was before this Court in the

case of McNelley v. Perry, D.C.1955, 18 F.R.D. 360. In that case, the Court pointed out that other Courts were not in agreement as to whether plaintiff was entitled to such information. Cases were cited in which it was held that such information was pertinent to the subject matter and cases were also cited taking the opposite view. (Supra, p. 361.)

It was also pointed out in that case, that the purpose of seeking the information from an adversary was to use it in the trial, or to use it as a lead to information to be used in the trial. This Court held that it was not shown that the information sought in that case was relative to either purpose. It was added:

" * * * The circumstances may be such in a particular case as would make such information relevant. If the defendant is insolvent so that pro-ration of insurance may become an issue among various claimants, the question of insurance would become material. This was apparently the situation in the case of Brackett v. Woodall Food Products, supra [D.C., 12 F.R.D. 4]. But it is well settled that testimony of insurance coverage, or lack of coverage, is not competent in a trial on the merits." p. 361

The pre-trial deposition shows that the defendant does not own property out of which a judgment could be collected. He stated that his liability insurance policy covering the car that he was driving at the time of the accident was in force and the name of the liability insurance company was given.

If liability insurance cannot be mentioned in the presence of the jury in the trial on the merits, it is difficult to conclude that the information about the limitation of the policy is "relevant to the subject matter".

Counsel for the plaintiff asserts that it is relevant because it will assist him in deciding whether to accept or reject the compromise offer of settlement and that this makes the information relevant within the meaning of Rule 26(b).

In support of his position, he relies strongly on the case of Johanek v. Aberle, (D.C.Mont., Great Falls Division, 1961), 27 F.R.D. 272. In that case, the District Court recognized the fact that there was a sharp conflict in the authorities in the federal and state courts as to whether a plaintiff injured in a motor vehicle accident and who sues for damages for personal injuries is entitled to information from the defendant as to his liability insurance. It was pointed out that several of the courts had considered the financial responsibility laws of various states in reaching the conclusion that the information was discoverable. The Montana Motor Vehicle Safety-Responsibility Law was quoted from freely in the opinion— Section 53–438(f), R.C.M.1947.

It was pointed out that some courts have held that such laws evidence a public policy of providing compensation for injured persons and thus give them a discoverable interest in the policy. Reference was made to statutes requiring policies to provide that persons who recover judgments in personal injury cases may institute suit against the insurer to recover the judgment.

It was pointed out that where there is insurance coverage, the insurer takes control of the defense of any action against the insured and also makes an investigation, negotiations and settlements if it deems it expedient. It was stated that the fact that the insurer makes the investigation, negotiations and settlements may properly be considered in determining whether or not a plaintiff is entitled to information about the insured's insurance.

It was also pointed out that some of the cases in which discovery was denied suggested that if discovery is permitted with regard to insurance coverage, there is no reason why it should not be permitted to discover the total assets of the defendant. The Court was of the opinion that automobile liability insurance is not

in the same category of other assets of the insured.

The liability policy provided, among other things, for medical payments for injuries sustained by occupants of the automobile. Plaintiff was an occupant of the automobile defendant was driving and sought recovery for medical and hospital expenses. It was not necessary to obtain a judgment against the insured before proceeding against the insurer on the medical reimbursement provisions. The Court concluded that to deny plaintiff the right to the information about medical payments could very well result in causing plaintiff to institute another action against an insurer whose identity was unknown, when, if known, one suit would suffice.

It was also pointed out that the arguments against discovery was advanced by the insurance company rather than the insured. It was assumed by the Court that the defendant had no objection to furnishing information about his insurance.

The Court also pointed out that under the Montana law, it was not permissible to convey to the jury the fact that a defendant in a tort action is protected by insurance, but that this alone would not preclude discovery with regard to insurance. It was also pointed out that the test was not whether the information sought would be admissible in evidence or relevant to the issues in the case, but whether it is relevant to the subject matter involved in the action. The Court concluded:

"The question is not free from doubt, and persuasive arguments have been advanced by both sides. Particularly in view of the provisions of the Montana Motor Vehicle Safety-Responsibility Act, I agree with the conclusion of the Colorado court that the holding permitting discovery of policy information is the better rule 'and the one which is more in accord with the object, purpose and philosophy of the Rules of Civil Procedure', and that, 'This will have a tendency to eliminate secrets, mysteries and surprises and should promote disposition of cases without trial and substantially just results in those cases which are tried.' " p. 280

■ Although it is to be observed that the decision in the Johanek v. Aberle case announced the principle that information about liability insurance policies is discoverable, that case involved another principle which made that particular policy discoverable, namely, the provision in the policy providing for medical payments for injuries sustained by occupants of the automobile and the limits of the policy. The injured plaintiff was an occupant of the automobile. The insurance policy itself would have been competent as evidence after plaintiff had shown that he had incurred medical expenses for injuries sustained in the accident. The Court reasoned that this provision would have enabled the plaintiff to have sued the company direct and that such suit need not have waited until the outcome of the suit against the owner of the automobile. In those exceptional cases where the insurance policy itself may be introduced as evidence, the information about it may be obtained by discovery. The Tennessee cases in which it was held that an insurance policy was competent as evidence are so well known as not to require citation.

■ State decisions arising in the States of California, Colorado, Illinois and Kentucky indicate that those States have statutes which make an injured party a third party beneficiary in motor vehicle liability insurance policies. The Courts in those States that have held that information about insurance policies is discoverable, appear to have been influenced by the statutory provisions making the injured parties beneficiaries in the policies. We have not been cited to any statutory or case law in Tennessee that makes plaintiff a party to the defendant's liability insurance policy. If

plaintiff should recover a judgment and an execution should issue against property of the defendant and a nulla bona return should be made by the officer handling the execution, then plaintiff, under equitable principles, would be permitted to sue defendant's liability insurance carrier to collect the judgment. If that stage in the litigation is reached, then the insurance policy would become relevant to the subject matter for purposes of discovery.

■ Motor vehicle liability insurance policies are primarily to protect the insured against loss. They are indemnification contracts and inure to the benefit of the injured third parties only when the third party is unable to collect a judgment for damages sustained by reason of the wrongful act of the wrongdoer.

The sole issue in the present case is whether the defendant was guilty of negligence that proximately caused the accident and resulting death of Mrs. Dee Tee Cecil Cooper, mother of the minor plaintiff.

Defendant's insurance policy has no bearing on this issue. Nor can its production lead to any information that would have any bearing on this issue. Counsel for plaintiff does not claim that the policy has any bearing on the question of liability or that it will lead to any information that will have any bearing on that question. He contends that the amount of the policy does have a bearing on his decision to compromise the case or not to do so.

■ It is our view that the phrase "relevant to the subject matter" contemplates either evidence to be introduced at the trial or information that may lead to the discovery of evidence to be used at the trial.

■ The broad purpose of the discovery rules is to enable the parties to prepare for trial. If the discovery rules are properly used, each party will know what to expect at the trial on the merits.

Each party will know the strength and weaknesses of his case and will not be taken by surprise at the trial on the merits. It is not the purpose of the discovery rules to give one party a strategic advantage over the other.

■■ As previously indicated, counsel for plaintiff states that he will be in a better position to know whether to compromise the case if he gets the information about the limits of the insurance policy than he will if he does not get it. The law favors compromise settlements, but not at the expense of giving one party an advantage over the other in bringing about those settlements. But, we are not so sure that the giving to plaintiffs the limits of a defendant's liability insurance policy will bring about more compromise settlements than will the withholding of such information. Oftentimes cases are not settled because plaintiffs ask for greater damages than their cases justify. Compromise settlement is not the aim of the discovery rules. There is a body of opinion that holds to the belief that it is a by-product of the discovery rules.

■ Nor do we believe that the Tennessee Financial Responsibility Laws, T.C.A. § 59–1201 et seq., relating to motor vehicle drivers require defendant to tell the limits of his insurance policy in advance of the trial. It is said that these laws were passed to promote insurance coverage and to provide compensation for injured persons. Although these are worthy objectives, it is not believed that they are sufficient to justify this Court in ordering defendant to tell plaintiff the limits of his insurance policy so as to enable plaintiff's counsel to better decide whether the case should or should not be compromised.

Because of the earnestness of counsel for plaintiff in pressing his contentions, we felt it necessary to re-examine our holding in the case of McNelley v. Perry, supra. Although counsel sought to differentiate the facts in that case from the facts in the present case, we think the

ruling in that case controls the present case.

We cannot bring ourselves to the conclusion that the holding permitting discovery of information of the character in question is the better rule.

For the reasons indicated, plaintiff's motion must be denied.

Present order.