Hortencia CUELLAR, individually and as Next Friend of Norma Cuellar and Felipa Cuellar, Minors, and as Administratrix of the Estate of Calixto Cuellar, Jr., Plaintiffs,

v.

James L. HAMER; Phyllis Jones and Richard A. Jones, individually and dba Turk Lake Bar; Edward E. Rozevicz and Vivian L. Rozevicz, individually and dba Continental Bar; Paul J. Hahnenberg, individually and dba Winter Inn Bar; Lester Bernth, individually and dba Les's Place and Kenneth Sheidler, individually and dba Midway Bar, jointly and severally, Defendants.

Civ. A. No. 5793.

United States District Court
W. D. Michigan, S. D.

Oct. 18, 1968.

Marcus, McCroskey, Libner, Reamon, Williams & Dilley, Grand Rapids, Mich., for plaintiffs. William G. Reamon, Grand Rapids, Mich., of counsel.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., for defendant Hamer; P. Laurence Mulvihill, Grand Rapids, Mich., of counsel.

Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for defendants Hahenberg and Winter Inn Bar; Peter A. Patterson, Grand Rapids, Mich., of counsel.

Hillman, Baxter & Hammond, Grand Rapids, Mich., for defendants Jones, Turk Lake Bar, Rozevicz, Continental Bar, Lester Bernth, Les's Place, Kenneth Sheidler and Midway Bar; Douglas W. Hillman, Grand Rapids, Mich., of counsel.

## ORDER REQUIRING ANSWER TO INTERROGATORIES

FOX, District Judge.

Plaintiff, a resident of Texas, brings a diversity action against defendants, all citizens of Michigan, for wrongful death. Damages claimed are $250,000, plus costs.

The defendants are Hamer, an allegedly intoxicated driver who drove his car into the rear of decedent's car, and people who allegedly sold Hamer intoxicating beverages.

Defendants object to the following interrogatories propounded by plaintiff:

"3. State the following with respect to each tavern or license bond which was in effect covering this tavern as of November 27, 1966:

(a) Name and address of company which issued the bond.

(b) Date of issuance.

(c) Amount of bond.

4. State the following with respect to each policy of liability insurance which covered the operations of this tavern as of November 27, 1966:

(a) Name and address of issuing company.

(b) Effective date of coverage.

(c) Limits of liability coverage."

There has been a sharp conflict, both by commentators and in cases, concerning whether the defendants' liability coverage, insurance or bond, is subject to discovery. In this case, as in the usual situation, the insurance coverage is not itself admissible into evidence.

This split of authority is documented in the notes accompanying the Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts, Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, U. S. Government Printing Office; Washington: 1967 (hereinafter cited as Preliminary Draft), at Page 19:

> Examples of Federal cases requiring disclosure and supporting comments: Cook v. Welty, 253 F.Supp. 875 (D.D.C.1966) (cases cited); Johanek v. Aberle, 27 F.R.D. 272 (D.Mont. 1961); Williams, Discovery of Dollar Limits in Liability Policies in Automobile Tort Cases, 10 Ala.L.Rev. 355 (1958); Thode, Some Reflections on the 1957 Amendments to the Texas Rules, 37 Tex.L.Rev. 33, 40–42 (1958). Examples of Federal cases refusing disclosure and supporting comments: Bisserier v. Manning, 207 F.Supp. 476 (D.N.J.1962); Cooper v. Stender, 30 F.R.D. 389 (E.D.Tenn.1962); Frank, Discovery and Insurance, Coverage, 1959 Ins.L.J. 281; Fournier, Pre-Trial Discovery of Insurance Coverage and Limits, 28 Ford.L.Rev. 215 (1959).

The division in reported cases is close. State decisions based on provisions similar to the federal rules are similarly divided. See cases collected in 2A Barron & Holtzoff, Federal Practice and Procedure § 647.1, nn. 45.5, 45.6 (Wright ed. 1961). It appears to be difficult if not impossible to obtain appellate review of the issue.

The court has consistently lined up with those allowing disclosure. Rubio v. Bunten, C.A. 5364, May 20, 1968 (D.C. W.D.Mich.); Espinosa v. Bergendorf, C.A. 5664, November 21, 1967 (D.C.W.D. Mich.). The reasons for those decisions, and for this one, are hereinafter set forth.

The Preliminary Draft, supra, summarizes the reasons why these matters should be discoverable:

> "Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation. It will conduce to settlement and avoid protracted litigation in some cases, though in others it may have an opposite effect. * * * [I]nsurance coverage * * should be distinguished from any other facts concerning defendant's financial status (1) because insurance is an asset created specifically to satisfy the claim; (2) because the insurance company ordinarily controls the litigation; (3) because information about coverage is available only from defendant or his insurer; and (4) because disclosure does not involve a significant invasion of privacy." P. 20.

For these reasons, an amendment which specifically authorizes disclosure has been proposed by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Rule 26(b) (2):

> *Insurance Agreements. A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for pay-*

*ments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial.* 43 F.R.D. 211, 225 (1967).

Today, Rule 26(b) does not specifically authorize discovery of insurance limits. But neither does that rule specifically prohibit such discovery.[1] When a gap of this kind appears in the Federal Rules, the district judge is obligated to fill it. His authority to do so comes from Rule 83 of the Federal Rules of Civil Procedure.

Since their adoption, the Federal Rules of Civil Procedure have received careful and considerable attention of experts, scholars, lawyers and judges. The least considered, yet perhaps the most important of these rules is Rule 83. It provides:

"RULES BY DISTRICT COURTS: Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

The first sentence grants general power to the district court to enact additional rules for regulating local practice. The last sentence creates what has been referred to as the decision-making power of the district court. Note, 67 Colum. L.Rev. 1251, 1252 (1967).

In drafting Rule 83 the framers appear to have placed great reliance on this decision-making power, exercised as it is, in case by case adjudication. It was intended to fill the gaps in the federal rules.

By contrast, it appears that the framers intended the rule-making power of Rule 83 to be used sparingly, and only in those areas not covered by the Federal Rules. This is suggested in part by the comprehensive nature of the Federal Rules, for that in itself indicates a need for few formally promulgated local rules. Thus, the bulk of the problems arising under the Rules are to be resolved *ad hoc* under the judicial decision-making power. This was the concensus of three institutes conducted in 1938 by the American Bar Association, whose participants were members of the Supreme Court's Advisory Committee.

The published proceedings of those institutes[2] contain a wealth of information about the design and original intent of the Federal Rules. With reference to Rule 83, the comments of Edgar Tolman, Secretary of the Advisory Committee and editor-in-chief of the American Bar Journal, are particularly enlightening:

"[Rule 83] is one of the *most important and salutary* of the Rules * * * [I]t puts an end to the old Conformity Act, and it permits judges to decide the usual or minor procedural problems that arise in any of the system of jurisprudence in light of the circumstances that surround them and the justice of the case without complications, and, injustice, that must attend, attempts to forecast the situations, and regulate them in advance

---

1. Rule 34 provides for discovery of "evidence relating to any of the matters within the scope of examination permitted by Rule 26(b) * * * "

Rule 26(b) defines this scope as "any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * "

The amount of insurance coverage may be relevant in the event that the insurance

company is made a party by garnishment in the event of nonpayment by the insured. See, e. g., Pastucha v. Roth, 290 Mich. 1, 287 N.W. 355 (1939).

2. ABA Institute on Federal Rules, Cleveland 189 (1938); ABA Federal Rules of Civil Procedure, Proceedings of the Institute at Washington and of the Symposium at New York City 28, 232 (1938).

either by general or by local rule." ABA Federal Rules of Civil Procedure, Proceedings at the Institute at Washington and of the Symposium at New York City 28, 129 (1938). (Emphasis and commas supplied.)

In an earlier speech before the American Bar Association, Tolman more fully expressed his view of the drafters' intent:

"[It was to] cut the details of the rules to the lowest possible limit, leave some rules for the district courts to prescribe, and leave still more untouched, and not prescribed as fixed rules, but trusted to the good sense and good faith of court and counsel to be worked out by them to fit the particular situation." Tolman, 22 A.B. A.J. 780, 786 (1936). (Commas supplied.)

Thus, through the exercise of judicial decision-making power created by Rule 83, district courts can fulfill their trust, resolving the bulk of problems on an *ad hoc* basis; some of these decisions are reported, but the vast majority are from the bench or as a result of pretrial conference.

If this was the intent of the framers—and I believe it was—there must be some principles by which the exercise of judicial decision-making power is guided.

I believe those principles are what we traditionally call equitable principles. Developed by the courts of equity, their hallmark is equity and flexibility. They aid the judge in resolving peculiar problems, and at the same time they serve the ends of justice by appealing to good conscience and fair play, as the circumstances of each case may demand.

Applying those principles to the instant case, I reach the same result as the Committee on Rules of the Judicial Conference: insurance and bond amounts should be discoverable. Equity suggests this result; practicality demands it; and Rule 83 allows it.

Therefore, I employ Rule 83 as a means of establishing proposed Rule 26 (b) (2) as a rule in this case, and in all future cases involving the same issue which come before me.

Defendants are hereby ordered to answer Interrogatories 3 and 4.