In re Bruce A. WEINBERG, Debtor.

Roberta A. WEINBERG, Plaintiff,

v.

Bruce A. WEINBERG, Defendant.

Bankruptcy No. 892–86973–20.
Adv. No. 893–8030–20.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Feb. 18, 1994.

Stan Y. Yang and Scott Y. Stuart, Office of U.S. Trustee, Garden City, NY.

Stephen C. Pascal, P.C., New York City, for plaintiff.

Howard B. Arber, Hempstead, NY, for defendant.

Richard Stern, Huntington, NY, Chapter 7 trustee.

## DECISION AND ORDER ON MOTION FOR SANCTIONS

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the Court upon two motions. The plaintiff ("Plaintiff") moved for a protective order, expenses and sanctions in connection with a discovery dispute ("Motion") with the debtor/defendant ("Defendant"). Defendant cross-moved ("Cross-motion") in opposition to the Motion and for dismissal of certain claims for relief contained in Plaintiff's adversary proceeding ("Adversary Proceeding"). Defendant withdrew a portion of the Cross-motion and the Court heard oral argument on the remaining matters. The Court denied the balance of the Cross-motion, granted that portion of the Motion seeking a protective order and reserved decision as to Plaintiff's request for sanctions and expenses, which issue is addressed in this opinion.

The Court has jurisdiction over this case pursuant to sections 157(a), 157(b)(1), and 1334 of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the United States District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(A), (I) and (O) of title 28.

For the reasons set forth below, the Court holds that the discovery request filed by Defendant's counsel was improper and the Motion for sanctions against Defendant's attorney, Howard B. Arber, Esq., is **GRANTED.** The attorney is to pay Plaintiff a sanction of an amount to be determined by the Court from affidavit or affirmation, representing all costs and attorneys' fees incurred by Plaintiff as a proximate result of the discovery request submitted by counsel for

Defendant. Plaintiff may settle a proposed order and an accompanying affidavit or affirmation (or both), on at least five days notice, on or before March 31, 1994.

## RELEVANT FACTS

Defendant filed a voluntary petition for bankruptcy relief under chapter 11 of title 11, United States Code ("Bankruptcy Code"). On Defendant's motion, the Court later converted his chapter 11 case to one under chapter 7 of the Bankruptcy Code. By the filing of a complaint on January 27, 1993, Plaintiff commenced the Adversary Proceeding pursuant to which Plaintiff seeks judgment declaring certain debts non-dischargeable.[1]

Plaintiff's amended complaint[2] delineates six claims for relief. In summary, Plaintiff seeks to hold Defendant accountable for, and to prevent discharge of, debts and damages flowing from Defendant's alleged breach of contract to sell the parties' marital residence[3], attorneys' fees incurred due to this breach[4], debts for child-support and maintenance[5], and a debt resulting from non-payment of a state court distributive award[6]. Plaintiff further seeks judgment generally denying debtor's discharge[7]. *See* 11 U.S.C. § 727(a)(1) (1993).

By a request for document production dated March 1, 1993, Plaintiff sought discovery and production by Defendant of certain materials. In response, dated March 10, 1993, Defendant objected to each document requested and furnished no documents. At a pre-trial hearing before the Court on March 18, 1993, the Court was advised of Defendant's opposition and heard argument from the parties. The Court struck Defendant's opposition, ruled that the discovery request was reasonable and ordered that all requested documents be produced within fifteen days.

By a discovery request dated March 23, 1993, Defendant then sought production of certain documents by Plaintiff. Plaintiff's attorney responded by correspondence dated March 31, 1993, which included some of the documents requested. As to the balance, Plaintiff's correspondence included the Motion (for a protective order, sanctions and expenses). As stated, Plaintiff's Motion was granted and an order in connection therewith was signed by the Court on June 14, 1993 ("Protective Order"). Pursuant to the Protective Order, the Court found the following items requested by Defendant irrelevant to the Adversary Proceeding, and barred Defendant from seeking their production:

1. All leases for automobiles plaintiff utilizes.

2. The lease for the apartment in which the plaintiff resides.

3. Plaintiff's Federal income tax returns for the calendar years 1990, 1991, and 1992.

4. Records of all bank accounts plaintiff has maintained from January 1990 to the present, but not limited to, monthly statements and canceled checks.

5. All records of commissions plaintiff has received from her employer from January 1990 to the present.

6. All records of monies plaintiff has contributed to and for her son Brian since December of 1991.

10. All documents and/or records documenting either monies received from

---

1. Pursuant to section 523 of the Bankruptcy Code, an individual debtor is not granted a discharge from certain debts. 11 U.S.C. § 523 (1993). Plaintiff's claims were brought under section 523(a), alleging that the debts owed her are non-dischargeable as being in the nature of maintenance or support, and deriving from "willful and malicious injury by the debtor". Plaintiff's Amended Complaint, dated September 27, 1993, at 5–6, 8. *See* 11 U.S.C. §§ 523(a)(5)(B), 523(a)(6) (1993).

2. By order of the Court Plaintiff was given leave to file an amended complaint.

3. Amended Complaint, dated September 27, 1993, at 8.

4. *Id.* at 6.

5. *Id.*

6. *Id.* at 11.

7. *Id.* at 7.

and/or contributions made toward plaintiff's household expenses by the individual plaintiff resides with.

13. Records of all credit cards plaintiff has utilized from January of 1990 to the present including, but not limited to, monthly statements.

14. Records of all vacations plaintiff has taken from January, 1990 to the present.

Defendant's Request for Document Production, dated March 23, 1993, at 1–2.

Plaintiff's Motion for sanctions and expenses is premised upon her allegation that Defendant's attorney served the request for document production with the improper purpose of seeking simply to "harass or to cause unnecessary delay" in the litigation. Affirmation of Stephen C. Pascal, dated March 31, 1993, in Support of Motion for a Protective at 5. Mr. Pascal vigorously questions the relevance that the documents requested have to the issues in the Adversary Proceeding. *Id.* at 5–6.

Now before the Court, accordingly, is whether Defendant's attorney's request for the above-listed documents and materials constituted sanctionable conduct by Defendant's counsel.

## ANALYSIS

■ Rule 26 of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026, governs discovery in general. Fed.R.Civ.P. 26 (1993); Fed.R.Bankr.P. 7026 (1993). Improper requests for discovery or responses or objections thereto are covered by Federal Rule 26(g).[8] Fed.R.Civ.P. 26(g) (1993). Federal Rule 26(g) provides, among other things, that every request for discovery made by a party represented by an attorney shall be signed by the attorney of record. *Id.* Such signature shall constitute a certification that the

attorney has read the request, and that to the best of his or her knowledge, information and belief, the request is:

... not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation ... and not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.... If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party upon whose behalf the request ... is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Fed.R.Civ.P. 26(g) (1993).

■ The purpose of discovery is to provide a procedure to make relevant information available to parties to a litigation. *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947) (discussing Federal Rule 26(g) and holding that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation"). Thus, the spirit of the rule is violated when discovery is used as a tactical weapon rather than to explore a party's claims and the facts connected therewith. *E.g., Cooper v. Stender,* 30 F.R.D. 389, 393 (E.D.Tenn.1962).

Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. [It] provides a deterrent to both excessive discovery and evasion by imposing a certification require-

8. Plaintiff sought sanctions under Federal Rule of Bankruptcy Procedure 9011, which makes Federal Rule 11 applicable herein, and Defendant never questioned the issue. Though Federal Rule 11 governs all pleading and papers filed with the Court and might be relevant to the issues at bar, the Court holds that an improper

discovery request is more correctly governed by Federal Rule 26(g). *E.g.,* Fed.R.Civ.P. 11; 26(g) (1993); *National Assoc. Radiation Survivors v. Turnage,* 115 F.R.D. 543, 555 (N.D.Cal.1987) (Rule 11 applies to all papers, while Rule 26 applies "exclusively to discovery requests and responses").

ment that obliges each attorney to stop and think about the legitimacy of a discovery request....

Fed.R.Civ.P. 26 advisory committee's 1983 note. Although the certification duty requires the lawyer to pause and consider the reasonableness of his or her request, it of course is not meant to discourage or restrict necessary and legitimate discovery. *Id.*

■ We will analyze Defendant's attorney's response to the Motion to determine whether he rebutted Plaintiff's allegation that the discovery request constituted a violation of Federal Rule 26(g). In his response, Defendant's attorney sets forth three general grounds for his discovery request.

Defendant first defends his demand for production of Plaintiff's 1990 through 1992 federal income tax returns by writing: "[defendant's attorney] ... would like to see her income tax returns to determine how she treated [a $3,600 award claimed to be maintenance and paid by Defendant] for tax purposes." Defendant's Opposition to Motion for Protective Order, dated April 23, 1993, at 2. At first blush, this request seemed wholly improper and irrelevant to the issues raised by the Adversary Proceeding: Plaintiff, in her amended complaint, alleges that Defendant never paid certain alimony, child support, and maintenance debts. Whether these debts were paid apparently could not concern *how* Plaintiff treated a $3,600 previously awarded payment in her tax return. But after additional scrutiny, our attempt to decipher counsel's explanation for the document request has uncovered a potential purpose.

The Court perceives that a certain allegation raised by Defendant could conceivably render Plaintiff's tax returns somewhat relevant: If Defendant contests the very nature of the debt and asserts that the debt does not derive from alimony, support or maintenance, but rather from a marital property settlement, the debt may be fully dischargeable. *See* 11 U.S.C. § 523(a)(5)(B) (1993) (providing that debt which includes a liability which is "actually in the nature of alimony, maintenance or support" is non-dischargeable). Therefore, there may be pertinence as to whether Plaintiff treated the payment(s) as alimony, maintenance or support, or rather

treated the payment(s) as a division of marital property.

The Court's problem, though, is that this argument in support of the production of the tax returns was not raised by Defendant. Only after our reading of the entire file, did we arrive at a possible reason for the tax returns being relevant. It is improper, however, for the Court to litigate for Defendant's counsel. Indeed, an argument by the Court on Defendant's behalf leaves Plaintiff without venue to respond. A court should not bolster a party's case. We should not undertake to satisfy Defendant's burden of establishing his right to discovery or his burden of demonstrating that sanctions are not warranted. Though the Court detects some (remote) basis for the request, it is not because Defendant's attorney carefully presented the argument to the Court. Were counsel to agree with our rationale in support of the discovery request, he had the burden of presenting it to the Court.

In fact, Defendant's attorney seems to refute the very possibility that the nature of any payments awarded by the state court is at all justiciable. As to certain payments made by Defendant, he writes: "the issue of what these monies are is res judicata and this court, cannot, in effect, rewrite the decision of another Court." Affirmation of Howard B. Arber in Opposition to Motion for Protective Order, dated April 23, 1993, at 4. Based upon his own statement and logic, Defendant's attorney will be required to accept the state court's classification of *all* payments.

Since our proffer of why the tax returns might have some relevance is contradicted by Defendant's attorney's argument that res judicata bars alteration by the Court of the nature of Defendant's payments, and since no argument by Defendant justifies the request in successful rebuttal of the Motion, the Court holds that the request violated the rules of discovery and warrants sanctions.

■ As a second argument in support of the validity of the document request, Defendant's counsel's writes: "The other financial records sought are relevant to plaintiff's claims of damages so that the same may be

explored". Affirmation of Howard B. Arber in Opposition to Motion for Protective Order, dated April 23, 1993, at 2. The Court finds this contention vulnerable. It does not detail how Plaintiff's income or credit card receipts for the last three years will affect the amount of damages caused by either the Defendant's alleged breach of contract or non-payment of child support, maintenance, and a state court distributive award. The response does not demonstrate how Plaintiff's income, from whatever source, has any relevance to her damages caused by the Defendant's actions. If Defendant breached his contract to sell the marital residence and its value subsequently decreased, the amount of damages are ascertainable without resort to Plaintiff's income. If Defendant did not make child-support or other payments and plaintiff was damaged for some reason, Plaintiff will be required to prove the damages. Plaintiff's income does not appear relevant on the issue of damages, therefore.

In fact, under closer scrutiny, the argument appears to be that Plaintiff's damages might be mitigated or lessened by her income. But the Court should not look even further to find a genuine basis for the discovery request. Counsel depended upon his single statement and it is as far as the Court may permissibly look. The critical factor is that it is the duty of Defendant's attorney— not of the Court—to show that Plaintiff's income is relevant. The Court may not and should not speculate endlessly why it might somehow be relevant to the Adversary Proceeding. Counsel has gone no further than to state that the income is relevant so that "damages may be explored." *Id.* Having already determined that the discovery request was improper, counsel's response does not assure the Court that it was not sanctionable; we consequently hold that it was.

Lastly, counsel supports the discovery requests by stating in his papers: "Since permissible discovery is very broad under the Federal Rules I would submit that plaintiff is required to furnish the requested documents". Affirmation of Howard B. Arber in

Opposition to Motion for Protective Order, dated April 23, 1993, at 2. This generalization of the scope of discovery under the Federal Rules offers no insight into the relevance of the document request to the issues in the Adversary Proceeding, nor does it refute whether the request constituted sanctionable behavior.

Other specific document requests relating, for example, to Plaintiff's vacations and the amount received from a person allegedly residing with Plaintiff were not mentioned or defended by Counsel.[9]

## CONCLUSION

■ Counsel's responses have failed to enlighten the Court as to why the document request did not constitute a violation of Federal Rule 26(g). No reasonable basis for any document requested was provided. The requests appear unrelated to the Adversary Proceeding and a contrary conclusion has not been furnished by counsel who sought them. The Court *cannot* supply justification.

It was alleged that the requests were interposed "to harass or to cause unnecessary delay". Plaintiff also argued that the documents were designed solely to invade unnecessarily into the Plaintiff's privacy, and that Defendant's counsel was improperly motivated by his anger at Plaintiff's previous successful motion to compel the Defendant to produce materials demanded by Plaintiff. Counsel has not refuted these allegations.

Mr. ARBER'S certification of the discovery request was a representation to the Court that he had considered the enumerated items to be a legitimate exploration of his client's claims. Mr. Arber disregarded the affirmative duty imposed upon him to consider the legitimacy of all discovery requests. Fed.R.Civ.P. 26(g). The Court has no alternative but to hold that Mr. Arber's actions have gone beyond the zealous representation of his client's rights. Accordingly, Plaintiff's Motion is **GRANTED** and Defendant's counsel is to pay a sanction in an amount to be

---

**9.** For example, Defendant also requested records of: all vacations plaintiff has taken from January 1990 to the present and all documents and/or records either showing monies received from and/or contributions made toward plaintiff's household expenses by the individual with whom plaintiff resides. Defendant's Request for Document Production, dated March 23, 1993 at 1–2.

determined by the Court to be all proximate costs and attorneys' fees associated with this contested matter, beginning with Defendant's discovery request, and concluding with oral argument thereon. Plaintiff's counsel may settle a proposed order and affidavit or affirmation detailing these costs and fees on or before March 31, 1994.

**SO ORDERED.**